UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **COREY R. PARKER** | **CIVIL ACTION NO. 3:12-cv-0375** |
|     LA. DOC #440820 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BILLY W. HARRISON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Corey R. Parker, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 8, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana. He claims that he was denied prompt and appropriate medical care. He sued MPJ Warden Billy W. Harrison, Sheriff Mike Tubbs, and Nurses Hawkins and Streeter; however, in an amended complaint filed on March 29, 2012, he dismissed Sheriff Tubbs, Nurse Hawkins. He prays for injunctive relief – medical treatment and a transfer to an LDOC facility – and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

*1. Original Complaint*

Plaintiff is an LDOC inmate who is incarcerated at the MPJ. In his original complaint he

alleged that on May 3, 2011, he experienced "severe pain" due to what he claims was an infection in his digestive tract. He submitted "numerous" sick calls and sometime in August 2011 he was examined by Nurse Streeter who opined that plaintiff needed to see a urologist. Streeter observed that plaintiff was "becoming heated" and threatened to place him in lock down. According to plaintiff he was "denied medical attention" and was not examined again by the medical staff notwithstanding the submission of multiple sick calls. Plaintiff complained that he was denied "any and all medical assistance" including examination by a physician. Warden Harrison accused plaintiff of being under the influence of drugs and ordered him away from the medical department for that reason.

## 2. Amend Order and Amended Complaint

On March 22, 2012, plaintiff was directed to amend his complaint to provide factual support for his conclusive allegations. He was specifically directed to provide– (1) the name of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation.

On March 29, 2012, he filed a pleading he entitled, "Memorandum Order: Answer and Relief." He advised the Court that he no longer wished to proceed against Sheriff Tubbs or Nurse Hawkins because neither had any personal involvement in the acts complained of. In addition he alleged, "My complaint is lack of medical attention – medical treatment. The said defendants ... instead of medical aid I was threatened to be confined to lock down ... I am in agreement this is not a 'deliberate indifference.' I'm unaware of the exact numbers of the

Amendments of my Constitutional Rights being violated for lack of medical attention-treatment." With regard to the harm suffered as a result of the action/inaction of the defendants Streeter and Harrison, he alleged, "... harm has been done to my digestive, right testical [sic]. I'm in more pain, I'm suffering twenty-four hours a day because of the lack of medical attention-treatment ..." from Harrison and Streeter. [Doc. 8]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. . *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint lacked sufficient detail; he was instructed to amend his complaint to provide factual support for his claims instead of conclusive allegations. He filed an amended complaint, however, he failed to address the issues he was directed to address and once again offered a series of conclusive allegations in support of his medical care claim. Nevertheless, further amendment would apparently serve no useful purpose.

*2. Medical Care*

Plaintiff is a convicted inmate in the custody of the LDOC. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights

guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings. Indeed, in his amended complaint he agreed that there was no deliberate indifference on the part of the remaining defendants. [Doc. 8, p. 3]

To the extent that the defendants were negligent or guilty of malpractice, that fact would ultimately make no difference to the outcome of this proceeding because deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual

knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove that each of the  defendants knew of and then disregarded an excessive risk of injury to him, and,  that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Further, read liberally, it appears that plaintiff simply disagreed with the diagnosis and course of treatment that were recommended by the health care professionals and corrections officers named as defendants.  It appears that these officials determined that plaintiff was malingering and he has offered no facts to establish that their conclusion was unreasonable. Plaintiff's disagreement with the diagnosis and course of treatment that was ultimately recommended and adopted falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Since plaintiff has neither alleged nor established deliberate indifference, his complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 26, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE